**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**MATTHEW WARD,** individually
and on behalf of other similarly
situated parties,

                Plaintiff,

                   v.

**TOWN OF SUMMER HILL et al.,**

                Defendants.
_____

**5:18-cv-1053
(GLS/ATB)**

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF/ COUNTER DEFENDANT:** Scalfone Law PLLC 247 West Fayette St., Suite 203 Syracuse, NY 13202 | MELODY DOMENICA WESTFALL, ESQ. |
| **FOR THE DEFENDANT/ COUNTER CLAIMANT:** Bond Schoeneck & King, PLLC One Lincoln Center Syracuse, NY 13202 | THOMAS R. SMITH, ESQ. SUZANNE O. GALBATO, ESQ. |
| **FOR THE DEFENDANT:** Harris, Beach Law Firm 99 Garnsey Road Pittsford, NY 14534 | JOSEPH PICCIOTTI, III, ESQ. |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Matthew Ward, individually and on behalf of other similarly situated parties, commenced this putative class action against defendants Town of Summer Hill (hereinafter "the Town") and Cayuga County (hereinafter "the County"), bringing claims under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA),[1] the Resource Conservation and Recovery Act (RCRA),[2] and New York common law. (Compl., Dkt. No. 1 at 1, ¶¶ 42-81.) Ward's allegations concern groundwater and property contamination from the Summer Hill Landfill (hereinafter "the Landfill"). (*Id.* ¶ 2.) Pending is the County's motion to dismiss, (Dkt. No. 12), which is granted, as discussed below.

### II. Background

**A.  Facts**[3]

Ward is the owner and resident of real property at 6053 Filmore

---

[1] 42 U.S.C. §§ 9601-75.

[2] 42 U.S.C. §§ 6901-92k.

[3] The facts are drawn from Ward's complaint and presented in the light most favorable to him.

Road in Sempronius, New York, (Compl. ¶ 12), and the Landfill is located on approximately twenty-three acres of land in or near Summer Hill, New York, (*id.* ¶ 19).[4] Ward's groundwater and property are contaminated with hazardous substances from the Landfill, including but not limited to arsenic, benzene, chromium, lead, and napthalene. (*Id.* ¶ 2.) These contaminants were discovered in soil and water samples. (*Id.* ¶ 3.)

Ward alleges the following. The Town and the County "have owned, operated, maintained[,] and otherwise controlled the Landfill for approximately twenty (20) years." (*Id.* ¶ 31.) Landfill operations "are reported to have begun in approximately 1963 and are reported to have ended in approximately 1982." (*Id.* ¶ 22.) A portion of the Landfill was originally operated as a municipal solid waste landfill or a sanitary waste landfill. (*Id.* ¶ 23.) Other portions received other forms of waste, both hazardous and non-hazardous, including household, commercial, generator, and industrial solid wastes. (*Id.* ¶ 24.) Landfill waste remains visible, exposed, and disturbed; outbreaks of "water that has percolated

---

[4] Ward purports to bring his complaint "on behalf of all persons and non-governmental entities that own property or reside on property located on [certain listed] streets in the Town of Summer Hill and/or Town of Sempronius and/or Town of Moravia, Cayuga County, State of New York." (Compl. ¶ 1.) No motion for class certification has been filed.

3

through waste solids and extracted soluble and insoluble matter from such waste[] have been observed." (*Id.* ¶¶ 27, 29.)

## B. Procedural History

Ward filed his complaint on September 4, 2018. (*Id.*) He brings claims under (1) CERCLA, (*id.* ¶¶ 42-49), and (2) RCRA, (*id.* ¶¶ 50-57), as well as New York common law claims for (3) negligence, (*id.* ¶¶ 58-64), (4) private nuisance, (*id.* ¶¶ 65-70), (5) trespass, (*id.* ¶¶ 71-75), and (6) willful and wanton misconduct, (*id.* ¶¶ 76-81).

The Town filed an answer and counterclaim on November 2, 2018. (Dkt. No. 11.) Pending is the County's motion to dismiss. (Dkt. No. 12.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12(b)(6) is well settled and will not be repeated here. For a full discussion of the standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

### A. CERCLA and RCRA Claims

*1. CERCLA*

The County argues that Ward's allegations are insufficient to state a

4

CERCLA claim. (Dkt. No. 15 at 5-8.) Specifically, the County contends that Ward has failed to sufficiently allege that it is a responsible party under CERCLA such that it is subject to liability. (*Id.*) Ward counters that the County is liable as an "operator" under CERCLA, as shown by certain of the County's disclosures. (Dkt. No. 18, Attach. 5 at 1-3.)

The court agrees with the County that Ward has failed to set forth a prima facie case under CERCLA. Ward argues that he "can demonstrate that [the] County exercised sufficient control over the [Landfill] to trigger liability under CERCLA because of the extensive management and control exerted by the County during the periods of the Landfill's operation." (*Id.* at 2.) But Ward's complaint contains no such allegations. (*See generally* Compl.)[5] Instead, he relies on two exhibits, which are "the FOIL requests disclosed by the County [that] indicate[] that it had nearly continuous oversight into the operation during the latter half of the [Landfill]'s operational period." (Dkt. No. 18, Attach. 5 (citing Attachs. 1-2).) However, Ward offers no reason for the court to consider these materials,

---

[5] Indeed, Ward "freely admits it's [sic] [c]omplaint has very little in terms of specific allegations about what actions were done (or not done), on a certain date, and by which [d]efendant." (Dkt. No. 18, Attach. 5 at 4.)

5

which are outside of his complaint.[6] *See Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (explaining complaint includes any attached written instrument, materials incorporated by reference, and documents integral to complaint).

Even if the court were to assume that Ward's exhibits are public records and consider them,[7] they do not save his CERCLA claim. It is unclear if the meeting minutes that comprise the first exhibit are even referring to the Landfill. (Dkt. No. 18, Attach. 1.) Ward points only to the statement that "[u]tilizing the technical assistance available from the . . . County Health Department, Planning Board and Soil Conservation Service, the[] towns [of Sempronius and Summerhill] will upgrade this facility to comply with [certain New York state requirements]." (*Id.*, Attach. 5 at 2-3 (quoting Attach. 1 at 1).) This is not nearly enough to sufficiently allege that the County is an "operator" under CERCLA. *See AMW Materials Testing, Inc. v. Town of Babylon*, 584 F.3d 436, 444 (2d Cir.

---

[6] Moreover, the exhibits were filed by an attorney who has not entered a notice of appearance in this case.

[7] "[A] district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)[.]" *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998) (collecting cases).

2009) (explaining definition of "operator" under CERCLA "implies a level of control over the hazardous substances at issue") (emphasis omitted).

Ward does not bother to provide a pincite for (or explain) his second exhibit, which is comprised of over one hundred pages of "field notes." (Dkt. No. 18, Attach. 5 at 3 (citing Attach. 2).) The court declines to scour these field notes on Ward's behalf. *Cf. Prive v. Johnson*, No. 5:04–CV–1024, 2010 WL 3338810, at *2 & n.2 (N.D.N.Y. Aug. 23, 2010) (declining to scour record for evidence of material questions of fact at summary judgment). In any event, as the County explained and highlighted, these field notes repeatedly identify the Town as the owner and operator of the Landfill. (Dkt. No. 21, Attach. 2 at 5; Attach. 1.)

### 2. RCRA

The County argues that Ward "merely mimics without any specificity the statutory definitions of liable persons under RCRA without alleging how the County or its actions falls within one of the definitions for liable persons." (Dkt. No. 15 at 8.) Ward responds that the County is liable under RCRA because it is an "operator" under CERCLA. (Dkt. No. 18, Attach. 5 at 3.) Alternatively, Ward contends that, "using the same information gleaned from the FOIL requests in [his two exhibits], there is

7

clear evidence that [the] County contributed to the handling, storage, and treatment of the hazardous waste stored in the [Landfill]." (*Id.* at 3-4 (internal quotation marks omitted).)

The court agrees with the County. Ward's "operator" argument is rejected for the reasons explained above. *See supra* Part.IV.A.1. His alternative argument is also rejected. Again, even assuming the court can properly consider Ward's exhibits, (Dkt. No. 18, Attachs. 1-2), Ward fails to explain what information is gleaned or how such information shows that the County is liable under RCRA. For all of these reasons, the County is correct that Ward's conclusory allegations do not state a RCRA claim. (Dkt. No. 15 at 8-9.)

**B.     New York Common Law Claims**

For the reasons argued by the County, the court agrees that Ward has failed to state a claim under New York common law for negligence, private nuisance, trespass, or willful and wanton misconduct. (*Id.* at 9-13.)[8] That is, these claims are based on the same bald, conclusory allegations

---

[8] As for the willful and wanton misconduct claim, the court agrees with the County that there is no such cause of action under New York law. (Dkt. No. 15 at 13); *see Rizzo v. Applied Materials, Inc.*, 6:15-cv-557, 2016 WL 1122063, at *3 (N.D.N.Y. Mar. 22, 2016) (collecting cases).

8

upon which Ward based his CERCLA and RCRA claims.  (*Id.*)

Ward "freely admits it's [sic] [c]omplaint has very little in terms of specific allegations about what actions were done (or not done), on a certain date, and by which [d]efendant."  (Dkt. No. 18, Attach. 5 at 4.) Ward also admits that "[t]o the County's credit, their FOIL responses contain a large breadth of information from over 50 years in the past."  (*Id.*) Nonetheless, Ward argues that "it would be patently unfair to [him] to dismiss these causes of action against [the] County without an opportunity for discovery and investigation into how the [Landfill] was closed down." (*Id.*)

What would be patently unfair is accepting such an argument.  "[T]he purpose of the plausibility standard is to require a plaintiff to allege sufficient facts to state a claim; it is not a license for a plaintiff to conduct a fishing expedition in an attempt to obtain discovery that might support his allegations."  *Arrindel-Martin v. City of Syracuse*, 5:18-CV-780, 2018 WL 6622193, at *6 (N.D.N.Y. Dec. 18, 2018) (citing *Yamashita v. Scholastic, Inc.*, 16-cv-9201, 2017 WL 74738, at *2 (S.D.N.Y. Jan. 5, 2017)).

Ward confusingly argues that a negligence claim is subject to a more lenient pleading standard yet quotes the plausibility standard.  (Dkt. No. 18,

9

Attach. 5 at 5.)  As the County notes, the complaint contains no allegations as to how or under what circumstances it breached any duty owed to Ward.  (Dkt. No. 15 at 10.)  Ward also argues that a plaintiff may plead facts alleged upon information and belief where the facts are peculiarly in control of the defendant.  (Dkt. No. 18, Attach. 5 at 5 (citing *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)).)  But the fact that the crux of his allegations is alleged upon information and belief, (Compl. ¶¶ 21-31), makes no difference; the analysis above fully considered all of Ward's allegations.[9]

Ward seems to recognize the deficiencies in his complaint when he admits that "[i]deally, [he] would have waited until its investigation was complete and it had a full opportunity to access the Town['s] . . . records relating to the closure, but because of the statute of limitations . . . , [he] filed the instant [c]omplaint at the last possible moment."  (Dkt. No. 18, Attach. 5 at 6.)  This does nothing to detract from the merits of the

---

[9] That being said, the court is not entirely convinced that the facts in question are peculiarly in control of the County anyway, *see Parfitt Way Mgmt. Corp. v. GSM by Nomad, LLC*, 8:17-CV-299, 2018 WL 3118264, at *8 n.7 (N.D.N.Y. June 25, 2018), and, to the extent that they are, Ward admits that "[t]o the County's credit, their FOIL responses contain a large breadth of information from over 50 years in the past," (Dkt. No. 15, Attach. 5 at 4).

10

County's motion to dismiss.

**C.** <u>**Amendment**</u>

Perhaps also in recognition of his complaint's deficiencies, Ward "respectfully request[s] the ability to amend [hi]s [c]omplaint to sufficiently advise the [d]efendants of the grounds for their liability in the instant action." (*Id.* at 1.)

Ward ignored the applicable rules. He failed to file a cross-motion pursuant to N.D.N.Y. L.R. 7.1(c), and he also failed to comply with 7.1(a)(4), which states that "[a] party moving to amend a pleading pursuant to Fed. R. Civ. P. . . . 15 . . . must attach an unsigned copy of the proposed amended pleading to its motion papers." *See Zuk v. Onondaga County*, No. 5:07–CV–732, 2010 WL 3909524, at *21 (N.D.N.Y. Sept. 30, 2010), *aff'd* 471 F. App'x 70 (2d Cir. 2012) (rejecting request for leave to file amended complaint because, among other things, "[p]laintiff's request was submitted, not as a proper motion, but merely as an argument raised in his response memorandum of law" and lacked copy of proposed amended pleading).[10]

---

[10] "A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation[.]" *Enron Oil Corp. v.*

11

Moreover, the court is not required to grant leave to amend if amendment would be futile. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). As Ward failed to provide any proposed amendment, amendment would be futile. *See Gregory v. ProNAi Therapeutics, Inc.*, 757 F. App'x 35, 39 & n.6 (2d Cir. 2018) (affirming district court's denial of leave to amend where "plaintiffs sought leave to amend in a footnote at the end of their opposition to defendants' motion to dismiss, they included no proposed amendments[,]" and "did [not] file a motion to amend or otherwise provide the district court with a list of proposed modifications to the complaint that would cure the defects that resulted in dismissal"); *Robertson v. MetLife Sec., Inc.*, Case # 16-CV-289, 2018 WL 1569385, at *5-6 (W.D.N.Y. Mar. 30, 2018), *appeal filed*, No. 18-1236 (2d Cir. Apr. 26, 2018). Ward's one-sentence request to amend in his response, (Dkt. No. 18, Attach. 5 at 1), is thus denied.

## D.  *Burford* **Abstention**

The County makes additional arguments regarding the *Burford* abstention doctrine. (Dkt. No. 15 at 14-20 (citing *Burford v. Sun*

---

*Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). But Ward is not without counsel.

12

*Oil Co.*, 319 U.S. 315 (1943)).) As adequate grounds exist on which to grant its motion to dismiss, the court need not and does not reach these abstention arguments. *See Murtaugh v. New York*, 810 F. Supp. 2d 446, 489 (N.D.N.Y. 2011).

E. **Notice of Appearance**

Ryan L. McCarthy filed Ward's response to the County's motion to dismiss, as well as a supporting affirmation. (Dkt. No. 18, Attachs. 4-5.) McCarthy has not filed a notice of appearance in this case as required by N.D.N.Y. L.R. 83.2(a). McCarthy is ordered to do so.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that County's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Ward's claims against the County be dismissed **WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk terminate the County from this action; and it is further

**ORDERED** that pursuant to N.D.N.Y. L.R. 83.2(a) Ryan L. McCarthy file a notice of appearance in this case; and it is further

13

**ORDERED** that the parties shall contact Magistrate Judge Andrew T. Baxter to schedule further proceedings in accordance with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 19, 2019
Albany, New York

_____
Gary L. Sharpe
U.S. District Judge